UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, an Indiana corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PACIFIC CONCRETE, INC., a Washington corporation, EDIFICE CONSTRUCTION COMPANY, INC., a Washington corporation, UNITED SPECIALTY INSURANCE COMPANY, a Delaware corporation, and SCOTT B. ADAIR, an individual,<br><br>Defendants. | No.<br><br>COMPLAINT FOR DECLARATORY RELIEF |

**I. PARTIES**

1. Plaintiff, American States Insurance Company (hereinafter "American States"), brings this action pursuant to 28 U.S.C. §2201 to obtain a declaration of the parties' rights and obligations, if any, under an insurance policy issued by American States.

2. American States is an Indiana corporation with its principal place of business in Boston, Massachusetts.

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 1
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

3. Pacific Concrete, Inc. (hereinafter, "Pacific Concrete"). Pacific Concrete is a concrete design and construction business organized under the laws of the State of Washington with its principal place of business in Bothell in the State of Washington.

4. Defendant Edifice Construction Company, Inc. ("Edifice") is a general contracting construction company organized under the laws of the state of Washington with its principal place of business in Redmond in the state of Washington.

5. Defendant United Specialty Insurance Company ("United Specialty") is a Delaware corporation with its principal place of business in Texas. For purposes of diversity jurisdiction, United Specialty is a citizen of Delaware and Texas.

6. Defendant Scott B. Adair ("Adair") is a resident of King County, Washington and is a citizen of the State of Washington.

## II. JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a), because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the controversy asserted herein arose in King County, Washington, which is located in this District.

9. This Court has authority to determine the parties' respective rights and other legal obligations, if any, pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201.

## III. RELEVANT FACTS

A. *The Underlying Lawsuit*

10. Claims have been tendered to American States by Pacific Concrete under their policy with American States, seeking defense and indemnity coverage for Pacific Concrete with respect to a lawsuit brought against them by Adair, entitled *Adair v. Pacific Concrete,*

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 2
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

*Inc. et al.,* King County Superior Court Case No. 17-2-03924-1 SE (hereinafter the "Underlying Lawsuit").

11. Claims have been tendered to American States by Edifice, under the additional insured endorsement in the Policy, seeking additional insured defense and indemnity coverage arising out of the allegations asserted by Adair against Edifice in the Underlying Lawsuit.

12. Adair has asserted the following factual allegations against Pacific Concrete, and its agents and employees, in the Underlying Lawsuit. In this regard, Adair alleges that:

    a. Edifice was hired as a general contractor to remodel a multimillion dollar home in Medina, King County Washington (hereinafter the "jobsite" or the "project");

    b. Edifice hired Watershed Construction (hereinafter "Watershed") as a subcontractor to do the carpentry work for the project;

    c. Adair was employed by Watershed and worked on the project;

    d. Edifice hired Pacific Concrete to do the flatwork for the project;

    e. On December 2, 2017, Edifice invited employees of Watershed, including Adair, and employees of Pacific Concrete onto the jobsite for business purposes to complete their work;

    f. Employees of Pacific Concrete were breaking apart asphalt/concrete using a mini excavator and tossing chunks of it into a "dumpster" approximately 4-5 feet away;

    g. The dumpster was owned by Pacific Concrete. and attached to the Freists' 2004 Ford F250 (was the Ford owned by the "Friests," or just William Friest?), which was parked on the jobsite;

    h. During the process of tossing chunks of asphalt/concrete into the dumpster, an employee of Pacific Concrete tossed an approximately 8-12 pound chunk of

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____ ) – 3
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

asphalt/concrete towards the dumpster as Adair was walking through the jobsite;

i. The chunk of asphalt/concrete struck Adair on the right side of his head, causing him to be thrown to the ground and resulting in alleged injury; and.

j. Adair returned to work temporarily, but was sent home later that day by Edifice.

13. The Complaint filed in the Underlying Lawsuit alleges that the incident was the result of Edifice, Watershed and Pacific Concrete's (hereinafter collectively referred to as the "Underlying Defendants") failure to provide their employees with sufficient instruction, supervision, and/or training to safely perform their work.

14. The Complaint further alleges that the Underlying Defendants failed to establish and provide a site-specific safety plan that would provide safer methods of accessing and performing work.

15. The Complaint alleges that Adair's injuries were proximately caused by unsafe and/or hazardous conditions on the jobsite and/or by unsafe practices of the Underlying Defendants, negligence of the Underlying Defendants by failing to provide Adair a place of employment that is reasonably safe and free from recognized hazards likely to cause serious injury or death to employees, and in directing and/or permitting them to be directed as part of their usual employment to work in a foreseeably dangerous place and in a foreseeably dangerous manner. The Complaint further specifies that the Underlying Defendants were negligent by:

a. Failing to fulfill their duty(ies) to ensure and maintain a safe jobsite;

b. Failing to maintain the property (i.e.: the jobsite) in a reasonably safe condition for its business invitees; and

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 4
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

      c.    Failing to fulfill their duty(ies) to ensure compliance with all applicable safety regulations, including, but not limited to, WAC 296-155-100, WAC 296 155-310, WAC 296-155-77100. WAC 296-806-20006.

16.    Adair seeks general and special damages in an amount to be determined at trial for the injuries and damages allegedly suffered in the subject incident.

17.    Contrary to the allegations in the Complaint in the Underlying Lawsuit, the accident occurred when one of Pacific Concrete's employees threw a piece of concrete towards an unattached trailer (not a "dumpster") and hit the plaintiff in the head.

18.    Contrary to the allegations in the Complaint in the Underlying Lawsuit, the trailer was not connected to Freist's 2004 Ford F250 at the time of the incident.

19.    At the time of the incident alleged in the Complaint, the unattached trailer was owned by Pacific Concrete and had a load capacity of more than 2000 pounds.

20.    At the time of the incident alleged in the Complaint, William Freist was and was acting as an employee of Pacific Concrete, Inc.

21.    American States promptly acknowledged the insurance claim made by Pacific Concrete.

22.    American States promptly acknowledged the "Additional Insured" insurance claim made by Edifice with respect to the American States insurance policy issued to Pacific Concrete.

23.    American States has agreed to participate in the defense of Pacific Concrete subject to an express reservation of rights, and has agreed to participate in the defense of Edifice, as an "additional insured," subject to an express reservation of rights.

24.    American States asserts that there is no coverage available to Pacific Concrete, Freist, Edifice, or any other party under the American States Policy for any of the claims alleged by Adair in the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 5
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

**B.     The American States Policy**

25.     American States issued an insurance policy, **No. 01-CI-351969-5**, for the period March 30, 2014 to March 30, 2015, (hereinafter the "Policy") to Pacific Concrete, as named insured.

**1.     The Policy's Commercial General Liability coverage**

26.     The Policy includes Coverage A - Bodily Injury And Property Damage Liability in the Policy, Form CG 00 01 12 07, "Commercial General Liability Coverage Form."

27.     The Insuring Agreement for Coverage A - Bodily Injury And Property Damage Liability in the Policy, Form CG 00 01 12 07, "Commercial General Liability Coverage Form,", as modified by the Contractor Liability Plus Endorsement, Form CG 86 74 12 07, contains, in pertinent part, the following language:

> 1.  Insuring Agreement
>
>     a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" or "personal injury and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking those damages. Our duty to defend begins once you notify us of a "suit" as described in **SECTION IV- COMMERCIAL GENERAL LIABILITY CONDITIONS, 2.b**. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage", or "personal injury or advertising injury" which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>         …
>
>     b.  This insurance applies to "bodily injury" and "property damage" only if:
>
>         (1) The "bodily injury" or "property damage" is caused all territory";
>
>         2)  The "bodily injury" or "property damage" occurs during the policy period; and
>
>         (3) Prior to the policy period, no insured listed under Paragraph **1**. of Section **II** - Who Is An Insured and no "employee"

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____ ) – 6
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON

901 F IFTH A VENUE, S UITE 1700
S EATTLE, W ASHINGTON 98164
T ELEPHONE: (206) 623-4100
F AX: (206) 623-9273

authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

…

28. In the Commercial General Liability Coverage Form, the Policy states as follows:

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy.…

The word "insured" means any person or organization qualified as such under Section II-Who Is An Insured.

29. The Declarations only shows Pacific Concrete as the Named Insured.

30. In Section II-Who Is An Insured, of the Commercial General Liability Form, the Policy states as follows:

**1.** If you are designated in the Declarations as:

…

**d.** An organization other than a partnership, joint venture or limited liability company, you are insured. Your "executive officers" and directors are an insured, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

…

**2.** Each of the following is also an insured:

**a.** Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees",…, but only for acts within the scope of their appointed by you or while performing duties related to the conduct of your business.…

31. The Policy includes Additional Insured Primary Coverage endorsement, CG 76 80 10 02, which states, in pertinent part, as follows:

**SECTION II – WHO IS AN INSURED** is amended to include as an additional insured the person or organization shown in the Schedule subject to the following provisions:

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 7
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

      1.     The additional insured is an insured but only for liability directly resulting from:

          **a.**   your ongoing operations for the additional insured whether the work is performed by you or for you; or

          **b.**   The general supervision of your ongoing operations by the additional insured.

…

…

No coverage will be provided if, in the absence of this endorsement, no liability would be imposed by law on you. Coverage shall be limited to the extent of your negligence or fault according to the applicable principles of comparative fault.

32. Edifice is shown in the referenced Schedule in the Endorsement, and, subject to the terms, conditions, and limitations stated in the Additional Insured Primary Coverage endorsement, CG 76 80 10 02, Edifice is included as an additional insured with respect to the Commercial General Liability Coverage Part of the Policy.

33. The Policy contains the following definitions that apply to the foregoing Insuring Agreement:

    **2.**   "Auto" means:
        **a.**   A land motor vehicle, trailer or semi trailer designed for travel on public roads, including any attached machinery or equipment; or

        **b.**   Any other land vehicle that is subject to a compulsory or financial responsibility of our or other motor vehicle insurance law in the state where it is licensed for principally garaged.

However, "auto" does not include "mobile equipment".

    **3.**   "Bodily injury" means physical injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death that results from such physical injury, sickness or disease.

. . .

    **13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

34. The Commercial General Liability Form in the Policy, as modified by the Contractor Liability Plus Endorsement, Form CG 86 74 12 07, includes the following exclusion that precludes coverage for the matters Adair has alleged against Pacific Concrete,

COMPLAINT FOR DECLARATORY RELIEF  
(Cause No. _____) – 8  
JMS1379.645/3010474x



WILSON SMITH COCHRAN DICKERSON  
901 FIFTH AVENUE, SUITE 1700  
SEATTLE, WASHINGTON 98164  
TELEPHONE: (206) 623-4100  
FAX: (206) 623-9273

and Edifice in the Underlying Lawsuit, where none of the stated exceptions to the exclusion apply:

    **g.**    Aircraft, Auto Or Watercraft

[This insurance does not apply to:] "Bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any … "auto" …. owned or operated by or rented or loaned to any insured. Use includes operation and "loading or unloading".

This exclusion applies even if the claims against any insured allege negligent or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which cause the "bodily injury"… Involve the ownership, maintenance, use or entrustment to others of any… "Auto"… that is owned or operated by a rented or loaned to any insured.

This exclusion does not apply to:
…

    **(5)**    "Bodily injury" or "property damage" arising out of:

        (a)    the operation of machinery or equipment that is attached to, or part of, a land vehicle that would qualify under the definition of "mobile equipment" if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state word is licensed or principally garaged; or

        **(b)**    the operation of any of the machinery or equipment listed in Paragraph **f.(2)** or **f.(3)** of the definition of "mobile equipment".

…

35.    American States reserves the right to assert any other policy language within the Policy's general liability coverage that may be potentially applicable to Adair's claims in the Underlying Lawsuit.

    *2.*    ***The Business Auto Coverage***

36.    The Insuring Agreement for liability coverage relating to Commercial Auto coverage is found in the Policy's Business Auto Coverage Form, CA 00 01 03 06, and contains, in pertinent part, the following language:

> We will pay all sums an "insured" legally must pay as damages because of "bodily injury"… to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 9
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

37. The Policy contains the following definitions that apply to the foregoing Insuring Agreement:

**SECTION V - DEFINITIONS**

A. "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

B. "Auto" means:

   1. A land motor vehicle, "trailer" or semitrailer designed for travel on public roads; or
   …

C. "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

…

G. "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded apply separately to each insured who is seeking coverage against whom a claim or "suit" is brought.

. . .

38. The Business Auto Coverage Form includes the following provision regarding who qualifies as an insured:

   1. Who Is An Insured

   The following are "insureds":

   a. You for any covered "auto."

   b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

      (1) The owner or anyone else from whom you hire or borrow a covered "auto." . . .
      (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
      (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
      (4) Anyone other than your "employees," partners (if you are a partnership), members (if you are a limited liability company), or a lessee or borrower of any of their "employee," while moving property to or from a covered "auto."

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 10
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

     (5) A partner (if you are a partnership), or a member (if you are a limited liability company), for a covered "auto" owned by him or her or a member of his or her household.

  c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

39. The Business Auto Coverage Form in the Policy defines "you" as follows:

> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations."

40. Pacific Concrete is the Named Insured shown in the Declarations, and, therefore, qualifies as an "insured" under the foregoing provision, **1.a**., for any covered "auto".

41. Edifice is not an "insured" under the Business Auto liability coverage in the Policy, as it is not a Named Insured, and it does not satisfy any of the requirements set forth in the Who Is An Insured provisions of the Business Auto Coverage.

42. The Business Auto Coverage Form identifies the only "autos" that are "covered autos" for each coverage:

> **SECTION I – COVERED AUTOS**
>
> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

43. The Declarations include only Symbol 8 and Symbol 9 with respect to Liability Coverage.

44. Symbol 8 applies to "Hired 'Autos' Only," which are defined as follows:

> Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees", partners (if your partnership), members (if you are a limited liability company) or members of their households.

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 11
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON

901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

45. Symbol 9 applies to "Nonowned 'Autos' Only," which are defined as follows:

> Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership, members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs.

46. No coverage is available under the Business Auto Coverage in the Policy, because the accident alleged in the Underlying Lawsuit did not result from the ownership, maintenance, or use of a Hired Auto or a Nonowned Auto, as defined in the Policy above.

47. The "Covered Autos" Section in the Business Auto Coverage includes the following provision:

> **C.    Certain Trailers, Mobile Equipment And temporary Substitute Autos**
>
> If Liability Coverage is provided by this Coverage Form, the following types of vehicles are also covered "autos" for Liability Coverage:
>
> **1.** "Trailers" with a load capacity of 2000 pounds or less designed primarily for travel on public roads.
>
> …

48. The trailer does not qualify as a covered "auto" for Liability Coverage under this provision, because its load capacity was in excess of 2000 pounds.

49. No coverage is available under Section **C. 1.** of the Business Auto Coverage in the Policy because the accident alleged in the Underlying Lawsuit did not result from the ownership, maintenance, or use of a covered "auto" within the meaning of Section **C. 1.** of the Business Auto Coverage.

50. American States reserves the right to assert any other policy language within the Policy's auto liability coverage that may be potentially applicable to Adair's claims in the Underlying Lawsuit.

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 12
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON

901 Fifth Avenue, Suite 1700
Seattle, Washington 98164
Telephone: (206) 623-4100
Fax: (206) 623-9273

# IV. THERE IS AN ACTUAL AND JUSTICIABLE CONTROVERSY AS TO AMERICAN STATES' COVERAGE OBLIGATIONS

51. There is no coverage available to Pacific Concrete or Edifice (the "Defendants") under the Policy for the claims asserted in the Underlying Lawsuit.

### A. *Coverage A - Bodily Injury And Property Damage Liability*

52. The American States Policy's Coverage A - Bodily Injury And Property Damage Liability within the general liability coverage provides liability coverage to an "insured" to the extent the "insured" becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which Coverage A applies.

53. To the extent that the Insuring Agreement of Coverage A of the American States Policy has been triggered, there is an actual and justiciable controversy as to whether the American States Policy contains exclusions that may otherwise operate to preclude coverage.

54. The American States Policy does not provide coverage, under Coverage A for damages for "bodily injury" arising out of the ownership, maintenance, use, or entrustment to others of any "auto" owned or operated by, or rented or loaned to, any "insured," and "use" includes operation and "loading or unloading," where none of the stated exceptions to the exclusion apply.

55. There is an actual and justiciable controversy as to whether Exclusion **g.** in Coverage A applies to bar coverage, where the Complaint in the Underlying Lawsuit seeks damages for "bodily injury" arising out of the ownership, maintenance, use, or entrustment to others of an "auto" owned or operated by any "insured," with "use" including operation and "loading or unloading," and none of the exceptions to Exclusion **g.** apply.

### B. *Business Auto Coverage*

56. The Insuring Agreement for the Policy's Business Auto coverage provides that American States will pay all sums an "insured" legally must pay as damages because of

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 13
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

"bodily injury"… to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

57. There are actual and justiciable issues between American States and the Defendants, as to whether Business Auto coverage is available to them, which issues include, but are not limited to, the following:

- a. Whether the claims by Adair in the Underlying Lawsuit are claims for damages resulting from the ownership, maintenance, or use of a covered "auto"; and
- b. Whether the trailer had a load capacity in excess of 2000 pounds and, therefore did not qualify as a covered "auto" under the Business Auto Coverage.

58. To the extent there are, or there should become, additional actual and justiciable issues between American States and any of the Defendants, American States reserves the right to amend this Complaint.

## IV. CLAIM FOR DECLARATORY RELIEF

59. American States hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

60. An actual, present, and bona fide justiciable controversy exists between American States and the Defendants with respect to whether American States has any indemnity obligation under the Policy to the Defendants with regard to the Underlying Lawsuit.

61. A judicial declaration is necessary to establish the rights and duties, if any, of American States and the Defendants under the American States Policy.

62. American States is entitled to a declaration that it has no obligation to indemnify the Defendants with respect to the claims against them in the Underlying Lawsuit, because none of the allegations in the Lawsuit fall within the terms of the coverages provided by the American States Policy.

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 14
JMS1379.645/3010474x

WILSON SMITH COCHRAN DICKERSON
901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON 98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273

# PRAYER FOR RELIEF

WHEREFORE, American States prays for relief that includes, but is not limited to, the following:

1. A declaratory judgment, binding on all Defendants, that American States has no duty to indemnify the Defendants with respect to the claims alleged against them in the Underlying Lawsuit.

2. A judgment in favor of American States for its taxable costs and disbursements herein; and

3. For such other and further relief as the Court deems just and equitable.

DATED this 12th day of October, 2018.

*s/ John M. Silk*
John M. Silk, WSBA No. 15035
WILSON SMITH COCHRAN DICKERSON
901 Fifth Avenue, Suite 1700
Seattle, WA  98164-2050
(206) 623-4100 telephone
(206) 623-9273 facsimile
silk@wscd.com
Attorney for Plaintiff

COMPLAINT FOR DECLARATORY RELIEF
(Cause No. _____) – 15
JMS1379.645/3010474x



901 FIFTH AVENUE, SUITE 1700
SEATTLE, WASHINGTON  98164
TELEPHONE: (206) 623-4100
FAX: (206) 623-9273